# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Lloyd Dixon, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Collection Technology, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Lloyd Dixon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Lloyd Dixon ("Plaintiff"), is an adult individual residing in Denver, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Collection Technology, Inc. ("CTI"), is a California business entity with an address of 1200 Corporate Center Drive, Suite 325, Monterey Park, California, 91754,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Collection and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. CTI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor") in connection with a student loan.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to CTI for collection, or CTI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CTI Collection Engages in Harassment and Abusive Tactics

12. The Defendants contacted the Plaintiff repeatedly at least six times per week to his residential telephone line in an attempt to collect a Debt.

13. Despite the Plaintiff informing the Defendants that he was being represented by an attorney, the Defendants continued to call the Plaintiff.

14. The Defendants used rude and abusive language, when speaking to the Plaintiff.

15. Furthermore, the Defendants would abruptly disconnect the calls during telephone conversations with the Plaintiff.

16. The Defendants did not identify the debt collection company from where they were calling. In fact, the Plaintiff always had to prompt the Defendants to disclose the name of the debt collection company.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

profane and abusive language when speaking with the Plaintiff..

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT Colo. Rev. Stat. § 12-14-101, *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

30. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

31. The Defendants communicated with the Plaintiff in connection with the collection of a debt after knowing, or able to readily ascertain, that the Plaintiff was represented by an attorney with regard to the subject debt, in violation of Colo. Rev. Stat. § 12-14-105(1)(b).

32. The Defendants engaged in a conduct the natural consequence of which was to

harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1).

33. The Defendants used obscene or profane language or language the natural consequence of which was to abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1)(b).

34. The Defendants caused the Plaintiff's telephone to ring or engaged the Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(e).

35. The Defendants placed telephone calls without meaningful disclosure of their identity within sixty seconds after an initial call to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(f).

36. The Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-107(1).

37. The Defendants used false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-107(1)(k).

38. The Defendants used unfair or unconscionable means to collect or attempted to collect a debt, in violation of Colo. Rev. Stat. § 12-14-108(1).

39. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Granting Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 14, 2010

Respectfully submitted,

By __/s/ Dianne Zarlengo_____

Dianne Zarlengo, Esq.
Bar Number: 31385
2800 So. University Blvd., Ste. 66
Denver, CO 80210
(303) 748-3513
dzlegal@gmail.com
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666

Plaintiff:
Lloyd Dixon
2632 Blake Street, Unit 610
Denver, CO 80205